DISSENT
GRIFFIN, Circuit Judge,
dissenting.
“To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, *488 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Because I conclude that plaintiffs three causes of action do not pass muster under this pleading standard, I would affirm the district court and, accordingly, respectfully dissent.
I.
Plaintiff Randall Mills was wrongly convicted of the rape of a child, aggravated sexual battery, and casual exchange of a controlled substance, after the complainant accused him of providing her with marijuana and engaging in vaginal intercourse with her. The latter accusation was supported by. a DNA report prepared by defendant Sharon Jenkins, who reported that Mills’ DNA was consistent with one of the two samples taken from the complainant’s underwear. Later re-examination of Jenkins’ data and additional DNA testing revealed that Mills was not a match and that the results for the second sample, which Jenkins reported as “inconclusive,” conclusively excluded him as a possible match. After Mills was exonerated, he filed this § 1983 suit against Jenkins and others involved in his prosecution. Plaintiff raised three separate claims against Jenkins: (1) malicious prosecution; (2) fabrication of evidence; and (3) withholding of evidence (“Brady”). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Jenkins moved to dismiss all three claims against her. The district court granted the motion, and Mills appealed. Contrary to my colleagues, I would affirm.
II.
A. Malicious Prosecution
A Fourth Amendment malicious-prosecution claim lies against a defendant who, among other things, “knowingly or recklessly makes false statements (such as in affidavits .or investigative reports) or falsifies or fabricates evidence[J” King v. Harwood, 852 F.3d 568, 587-88 (6th Cir. 2017). To state such a claim, a plaintiff must plausibly allege that the defendant acted “knowingly or recklessly.” Id. In this case, there -are no factual allegations that Jenkins acted with either -mental state. The key paragraphs are 46 and 47 of the complaint. They allege:
46. ... Defendant Jenkins claimed that the segments of underwear containing semen other than the one she found to be consistent with Mr. Mills’s DNA contained inconclusive data.
47. Later expert analysis revealed that the DNA evidence used by Defendant Jenkins was actually exculpatory, and many of.the semen results Defendant Jenkins termed “inconclusive” were actually conclusively someone else’s DNA. The report that Defendant Jenkins presented was inaccurate and incomplete, and had a true report been provided, to Mr. Mills and [defense counsel] Dearing he would have been able to prove that CM had likely engaged in sexual relations with two other males on March 15, 1999, and that she had lied about "her virginity as well as Mills raping her, fondling her, and- providing her with ■marijuana.-
These factual allegations neither state nor imply that Jenkins “knowingly or recklessly ma[de]" false statements.” Id. (emphasis added).
Later in the complaint, plaintiff alleges that Jenkins “misidentified -segments of Mr. Mills’s DNA in order to support and maintain the guilty verdict.” This.“in order to” allegation is the land of general assertion of intent that can survive a motion to dismiss, but only if it is accompanied by factual-allegations that support a reasonable inference that the defendant acted with the requisite state of mind. See Republic Bank & Tr. Co. v. Bear Stearns & *489 Co., Inc., 683 F.3d 239, 247 (6th Cir. 2012) (“Although ‘conditions of a person’s mind may be alleged generally,’ the plaintiff still must plead facts about the defendant’s mental state, which, accepted as true, make the state-of-mind allegation ‘plausible on its face.’” (quoting Fed. R. Civ. P, 9(b), and Iqbal, 556 U.S. at 678, 129 S.Ct. 1937)). But again, there are no factual allegations to support that inference. There are, to be sure, allegations that Jenkins “mislabeled” or “misidentified” information, or provided an “incomplete” or “inaccurate” report. But those allegations provide just as much support for the assertion that Jenkins acted negligently. “When .,. the context makes the factual allegations at most consistent with both conduct that is actionable and conduct that is not, more is required to ‘nudge the claims across the line from conceivable to plausible.’” Deom v. Walgreen Co., 591 Fed.Appx. 313, 320 (6th Cir. 2014) (per curiam) (bracketing omitted) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).
The majority’s contrary conclusion relies on a misreading of an inapposite portion of the complaint. The majority states, “According to the complaint, the DNA found in the underwear ‘clearly excluded Mr. Mills,’ but ‘such evidence was deliberately and purposefully withheld’ by Jenkins.” First, the complaint does not allege that Jenkins withheld her preliminary data. Second, the majority conflates two pieces of evidence — the preliminary DNA data and Jenkins’ final report interpreting that data — each of which forms the basis for separate causes of action against Jenkins. Plaintiffs malicious prosecution claim is based on Jenkins’ final report in which she concluded that several test results were “inconclusive.” Missing from plaintiffs complaint are any factual allegations- that Jenkins knowingly or recklessly falsified her findings when preparing that report. The majority relies on the allegation that the preliminary data “clearly excluded Mr. Mills,” but that only alleges Jenkins was incorrect, not that she knowingly or recklessly falsified her findings. -
Plaintiffs 'complaint comes “close to stating a claim, but without some further factual enhancement it 'stops short of the line between possibility aind plausibility of ‘entitlement to relief;’” Twombly, 550 U.S. at 557, 127 S.Ct. 1955 (bracketing omitted) (quoting Fed. R. Civ. P. 8(a)(2)). For that reason, I would affirm the district court’s decision to dismiss this claim under Rule 12(b)(6).
B. Fabrication of Evidence
Plaintiffs - fabrication-of-evidence. .claim fails, for- the. same reason.' In .order to establish this claim, plaintiff must allege that defendant “knowingly fabricated evidence against [him], and [that] there is a reasonable likelihood that the- false evidence could have affected the judgment of the jury.” Stemler v. City of Florence, 126 F.3d 856, 872 (6th Cir. 1997) (emphasis added). Again, there are naked assertions that defendant misidentified DNA markers “in order to” support a guilty verdict, but the complaint is lacking factual allegations supporting a reasonable inference that Jenkins knowingly manufactured false evidence. What factual allegations there are are merely consistent with liability, which is not enough to state a claim “plausible oh its face.” Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. Because there are no factual allegations that “nudge[] [this] claim[] across the line from conceivable to plausible,” Twombly, 550 U.S. at 570, 127 S.Ct. 1955, the district court properly dismissed this claim as well.
C. Withholding of Evidence
Finally, I disagree with my colleagues that the district court erred in dismissing *490 plaintiffs Brady claim. To establish this claim, plaintiff must allege, among other things, that Jenkins — herself—withheld favorable evidence. See Moldowan v. City of Warren, 578 F.3d 351, 381 (6th Cir. 2009) (holding that investigators bear “an equally important (Brady-derived’ responsibility to turn over potentially exculpatory evidence to the prosecutor’s office.” (quoting White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008))).
The majority asserts that Jenkins withheld exculpatory evidence when she reported several of the test results as “inconclusive.” But my colleagues assume that by misreporting her analysis of the data, Jenkins thereby withheld the information she used to make that report. The complaint does not allege that. In fact, the complaint alleges that the prosecutor, Weakley Barnard, withheld the preliminary DNA information that Jenkins used to complete her final report, indicating that Jenkins did, in fact, provide the data to the prosecutor. That was all that was required of Jenkins, see id., and, as a consequence, she was entitled to dismissal of plaintiffs withholding-of-evidence claim.
III.
For these reasons, I would affirm the judgment of the district court.